IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| BARBARA STIEFERMAN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| EVEREST RECEIVABLES SERVICES, INC., | ) ) ) ) |
| Defendant. | ) |

## COMPLAINT

NOW COMES the Plaintiff, BARBARA STIEFERMAN, by and through her attorneys, SMITHMARCO, P.C., and for her complaint against the Defendant, EVEREST RECEIVABLES SERVICES, INC., Plaintiff states as follows:

### I. PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

### II. JURISDICTION & VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III. PARTIES

4. BARBARA STIEFERMAN, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Jefferson City, County of Cole, State of Missouri.

5. The debt that Plaintiff was allegedly obligated to pay was a debt allegedly owed by Plaintiff to Check N Go Installment Loan (hereinafter, "the Debt").

1

6.  The Debt was for a loan, the funds of which were used for the personal use of Plaintiff and/or used for household expenditure.

7.  Upon information and belief, Diverse Funding Associates, LLC, purchased, acquired and/or otherwise obtained the Debt.

8.  At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

9.  EVEREST RECEIVABLES SERVICES, INC., (hereinafter, "Defendant") is a business entity engaged in the collection of debt within the State of Missouri. Defendant is incorporated in the State of New York.

10. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

11. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

12. During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

13. At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

14. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

2

### IV. ALLEGATIONS

15. On or about October 9, 2012, Defendant initiated a telephone call to Plaintiff in an attempt to collect the Debt.

16. The aforesaid telephone conversation was Defendant's initial communication with Plaintiff relative to the Debt.

17. During the course of the aforesaid telephone conversation Defendant told Plaintiff the amount of the Debt she owed.

18. Defendant then told Plaintiff she had to provide Defendant with either her debit card or credit card information so that a payment could be made towards the Debt that same day.

19. Plaintiff informed Defendant that she disputed owing the Debt.

20. Plaintiff told Defendant that she had paid the Debt in full six (6) years ago.

21. Defendant told Plaintiff if she disputed owing the Debt then Plaintiff had to send Defendant a facsimile containing proof that Plaintiff no longer owed the Debt.

22. Defendant told Plaintiff if she did not provide Defendant with the aforesaid documentation then Defendant would send papers to serve Plaintiff.

23. Defendant then listed Plaintiff's residential address.

24. Defendant informed Plaintiff she would be served at her residential address.

25. Defendant's representations to Plaintiff during the aforesaid telephone conversation had the effect of conveying to an unsophisticated consumer that if Plaintiff neither paid the Debt nor showed Defendant proof to demonstrate the Debt was paid then Defendant would file a lawsuit against Plaintiff and serve Plaintiff with said lawsuit.

26. Defendant has not filed a lawsuit against Plaintiff for the Debt.

27. Upon information and belief, at the time of making the aforementioned threat, Defendant had no intention of filing a lawsuit against Plaintiff for the Debt.

28. Upon information and belief, Defendant has no authority to file a lawsuit against Plaintiff for the Debt.

29. Upon information and belief, at the time of making the aforementioned threat, Defendant had no authority to file a lawsuit against Plaintiff for the Debt.

30. Defendant's representation to Plaintiff that if she disputed owing the Debt then Plaintiff had to send Defendant a facsimile containing proof that Plaintiff no longer owed the Debt was false, deceptive and/or misleading given that pursuant to 15 U.S.C. §1692g, Plaintiff had the right to inform Defendant that she disputed the Debt either orally or in writing within thirty (30) days of Defendant's initial communication with Plaintiff relative to the Debt.

31. Defendant's representation to Plaintiff that if she disputed owing the Debt then Plaintiff had to send Defendant a facsimile containing proof that Plaintiff no longer owed the Debt was false, deceptive and/or misleading given that pursuant to 15 U.S.C. §1692g, Defendant, not Plaintiff, was required to provide Plaintiff with documentation to validate the Debt if Plaintiff sent a timely written correspondence to Defendant requesting such documentation.

32. Defendant's representation to Plaintiff that if she disputed owing the Debt then Plaintiff had to send Defendant a facsimile containing proof that Plaintiff no longer owed the Debt was false, deceptive and/or misleading given that Plaintiff was under no legal obligation to provide Defendant with documentation to demonstrate that the Debt was paid and that Plaintiff disputed owing the Debt.

33. In its attempts to collect the Debt, Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

a. Used false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. §1692e;

b. Threatened to take action that cannot legally or is not intended to be taken in violation of 15 U.S.C. §1692e(5);

c. Used any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning the consumer in violation of 15 U.S.C. §1692e(10); and,

d. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

34. As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

## V. JURY DEMAND

35. Plaintiff hereby demands a trial by jury on all issues so triable.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, BARBARA STIEFERMAN, by and through her attorneys, respectfully prays for Judgment to be entered in favor of Plaintiff and against Defendant as follows:

a. All actual compensatory damages suffered;

b. Statutory damages of $1,000.00;

c. Plaintiff's attorneys' fees and costs;

d. Any other relief deemed appropriate by this Honorable Court.

        Respectfully submitted,
        **BARBARA STIEFERMAN**

By:    s/ Paul T. Krispin, Jr.
      Attorney for Plaintiff

Dated: December 4, 2012

5

Case 2:12-cv-04303-MJW   Document 1   Filed 12/04/12   Page 5 of 6

Paul T. Krispin, Jr. (Bar # 33203)
SMITHMARCO, P.C.
205 North Michigan Avenue, Suite 2940
Chicago, IL 60601
Telephone:   (314) 667-4382
Facsimile:   (888) 418-1277
E-Mail:      pkrispin@smithmarco.com

6